UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:18-CV-112-EBA

HERSHEL RIFE,                                                                   PLAINTIFF,

V.                          **MEMORANDUM OPINION**
                               **AND ORDER**

NATIONWIDE INSURANCE,                                        DEFENDANT.

*** *** *** ***

This matter is before the Court on Plaintiff Hershel Rife's motion to remand for lack of diversity jurisdiction against Defendant Nationwide Insurance. [DE #15]. For the reasons set forth below, the Court will **deny** the motion to remand.

## I. BACKGROUND

The following facts are undisputed. On October 5, 2018, following a fire causing damage to Plaintiff's home, Plaintiff initiated the present action against Defendant for a breach of contract claim in Pike County Circuit Court. DE #1-3 at 3 (Complaint).

In its Complaint, Plaintiff alleged that his property suffered severe damage, "rendering it totally uninhabitable[,]" and that Defendant, as insurer, had not paid the full amount owed to him. *Id.* at 4-5. Plaintiff requested the following relief: "[c]ompensatory [d]amages and payment under the policy of the full damage account, accounting for any payment already made"; "the lost rental income sustained as a result of Defendant's action or inaction"; and the costs herein expended plus a reasonable contribution to his attorney fees." *Id.* at 5.

On October 24, 2018, Defendant removed the action on the basis of diversity jurisdiction. DE #1 (Notice of Removal). On March 21, 2019, Plaintiff filed the present

motion to remand (DE #15) on the grounds that the amount in controversy did not exceed the jurisdictional minimum. Defendant having responded on April 4, 2019 (DE #18) and Plaintiff having replied on April 18, 2019 (DE #19), the motion is now ripe for the Court's review.

## II. STANDARD

As a general matter, a defendant may remove a civil case brought in state court only if it could have been brought there originally. *See* 28 U.S.C. § 1441, 1446. A federal district court has original "diversity" jurisdiction over all civil actions where "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the suit is between "citizens of different states." 28 U.S.C. § 1332(a)(1). This amount is determined as it exists at the time of removal. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

Because federal court are courts of limited jurisdiction, a defendant seeking removal from the state court has the burden of proving that these diversity jurisdiction requirements are met. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921). The defendant must show by a "preponderance of the evidence" that the plaintiff's claims are greater than $75,000. *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 157 (6th Cir. 1993), *abrogated on other grounds by Hertz v. Friend*, 559 U.S. 77 (2010). The Sixth Circuit requires defendants who are faced with an indeterminate state court complaint to make an independent inquiry as to the extent of the plaintiff's damages prior to filing the notice of removal. *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1309 (E.D. Ky. 1990) (citations omitted). A defendant does not meet this burden if it establishes only "a mere *possibility* that the jurisdictional amount is satisfied." *Everett v. Verizon Wireless, Inc.,* 460 F.3d 818, 829 (6th Cir.2006) (emphasis added).

### III.  DISCUSSION

In this case, the removal by the Defendant was based on diversity jurisdiction under 28 U.S.C. § 1332. There is no dispute that the parties are diverse. The amount-in-controversy serves as the basis for the instant motion. Plaintiff asserts that remand is appropriate in this instance because the Court cannot meet the amount in controversy requirement. In support of this argument, Plaintiff:

> unequivocally state[s] that he will not seek nor will he accept damages in excess of $75,000.00 inclusive of any punitive damages, attorneys' fees, interest, fees, costs, and the fair value of any injunctive relief, and any other and further relief as the Court deems appropriate … As such, no basis remains to support diversity jurisdiction.

DE #15-1 at 1; *see also* DE #15-2 (Plaintiff's Affidavit).

The Defendant opposes remand. To meet its burden for removal, the Defendant relies on Plaintiff's building contractor's original assessment that resulting damages were $211,710.00— double the $105,000.00 paid for the loss— and Defendant's basis for removal *See* DE #18-2 at 3. Accordingly, the case presents two questions: first, whether the Court had jurisdiction when removal was brought; and second, whether Plaintiff may now stipulate to a claim less than the jurisdictional amount.

   a. **Amount in Controversy**

In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Though certainly true that a plaintiff's asserted amount in controversy controls so long as it is made in good faith, where state pleading rules do not permit a demand for a specific sum or permit the recovery of damages exceeding the amount prayed for, the defendant may assert the amount in controversy in the

notice of removal. 28 U.S.C. § 1446(c)(2)(A)(ii); *Rogers*, 230 F.3d at 871 (citing *Gafford*, 997 F.2d at 158. The defendant bears the burden of proving, by a preponderance of the evidence, that removal was based on its good faith belief that is "more likely than not" that this jurisdictional amount in controversy prerequisite is met. *Gafford*, 997 F.2d at 158; *Rogers*, 230 F.3d at 871-72. Regardless, this Court has an inherent responsibility and duty "to make an independent subject matter jurisdictional determination rather than rely on a conclusory assertion of the defendant." *Id.* at 1308 (citations omitted); *see also Baird v. Norton*, 266 F.3d 408, 410 (6th Cir. 2001) (citations omitted) (recognizing the court's obligation to conduct " 'an independent obligation to examine' its own jurisdiction").

Kentucky state law prevents a plaintiff from reciting a specific sum as alleged damages, Ky. R. Civ. P. 8.01(2), and permits recovery in excess of the amount prayed for, Ky. R. Civ. P. 54.03(2). Consequently, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant does so by attaching the estimate by the Akers Building contractor, which explains that the Plaintiff's home was a "total loss" and that the total cost to repair and demolish the structure was $211,710.00. [DE #18-2]. Additionally, the Defendant attaches an affidavit by its claim associate, wherein he describes Plaintiff's unsatisfaction with the $106,329.21 paid to him for the loss. *Id*. Therefore, the difference between the controversial estimate and amount already paid to him is $105,380.79, and Defendant can easily make the case that the claim is more likely than not to reach the federal amount in controversy requirement. When that amount is coupled with potential attorney's fees, the preponderance of the evidence demonstrates that the amount is significantly more than the $75,000.00 jurisdictional amount.

Effectively so, Defendant has met its burden of demonstrating, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Nonetheless, this is not the end of the Court's inquiry.

**b. Post-removal Stipulation**

The next issue is, the effect (if any) of plaintiff's "unequivocal[ oath]" that damages in excess of $74,999.00 will not be sought nor accepted (DE 15-2). It is certainly true that "plaintiffs are entitled to stipulate that they do not seek, nor will they accept, damages in an amount exceeding $75,000." *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781 (W.D. Ky. 2013). Kentucky federal courts have accepted stipulations filed after removal where the plaintiff seeks to challenge the amount in controversy for the first time, if the stipulation *clarifies* the amount in controversy and does not change the amount in controversy from the time of removal. *Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 777-78 (W.D. Ky. 2002). To be validly considered, the stipulation must be an "unequivocal statement ... limiting damages." *Id* at 778. In *Egan*, the court held that a clarifying stipulation stating that the plaintiff would only "accept a sum of $74,990 exclusive of interest and costs as a judgment regardless of what any court finds in excess of that amount" was equivocal and insufficient to warrant remand. *Id.* at 775, 778. "To merely say that one will not accept money in excess of a certain amount *limits* neither the judgment nor the demand." *Id.* at 778 (emphasis added).

The Court, in due caution, recognizes that the stipulation mechanism might be used to improperly influence jurisdiction. Here, though Plaintiff stipulates that he "will not seek or accept an award of damages in excess of $74,999.00[,]" it nonetheless does not preclude the possibility that he may be awarded damages in excess of the $75,000 jurisdictional amount. This is so because a party may ultimately recover damages beyond that set forth in the

pleadings. See Fed.R.Civ.P. 54(c); Ky. R. Civ. P. 54.03(2). Alternatively, the Court is reminded that "removal statutes are to be strictly construed, and 'all doubts should be resolved against removal.'" *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)). District courts tend to err on this cautious approach because a plaintiff "is the master of the claim." *Gafford*, 997 F.2d at 157-58. Perhaps, then, this would be the plaintiff's strongest argument here, had the Court possessed any doubts regarding the defendant's ability to meet its burden of proving that it could meet the amount in controversy; yet, the Court has already determined that the defendant *has* carried its burden and that it is more likely than not that the amount in controversy is greater than the jurisdictionally-required amount.

Fundamentally, and most specific to the present facts, the Court is reminded of the detrimental results that could occur in post-removal stipulation cases, where plaintiffs decide to "defeat jurisdiction" in order to "unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Rogers*, 230 F.3d at 872. This appears to be what Plaintiff is doing. This case has been sitting on the Court's docket for more than eight months (*e.g.*, since October 24, 2018). Deadlines were imposed on December 10, 2018. *See* DE #12. Defendant filed its motion for summary judgment on February 28, 2019 (DE #14). Plaintiff had until March 21, 2019—per the district's local rules—to submit a response in opposition. *See, e.g.,* LR 7.1(c). Instead, on this date, it chose to submit a motion to remand – even despite the fact it has been pending on this docket since October. Plaintiff's motion instinctively appears to be more of a gamesmanship tactic, seeking to strip the Court of jurisdiction only to secure a more favorable outcome in state court.

"Here, the interests of judicial economy and fairness both favor[] th[is] court's retention of jurisdiction." *Taylor v. First of America Bank-Wayne*, 973, F.2d 1284, 1288 (6th Cir. 1992). As such, in order an effort to avoid wasting judicial resources, and especially to avoid any additional delays, remand is not the most appropriate recourse— *especially* in the case of a plaintiff seeking to defeat jurisdiction. As noted above, solely because Plaintiff states that it will not "seek" any amount higher than $74,999 does not mean that he cannot be prevented from collecting damages in excess of the jurisdictional amount. This Court will not accept Plaintiff's attempt to manipulate jurisdiction. The motion to remand, shall therefore be, **DENIED**.

### IV. <u>CONCLUSION</u>

The assertions in the initial pleadings and the evidence attached to the defendant's response brief (DE 16-2; 16-3) allow the Court to easily conclude that, more likely than not, the amount in controversy exceeds $75,000. Plaintiff's stipulation is unwarranted to justify remand at this late stage in the deadlines.

Accordingly, for the reasons explained above, that Plaintiff's motion to remand **(DE #15)** is **HEREBY DENIED**. Plaintiff is hereby **DIRECTED** to submit a response to Defendant's motion for summary judgment **(DE #14)** on or before by July 22, 2019.

This the 1st day of July, 2019.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge