UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:18-CV-112-EBA

HERSHEL RIFE,                                                                                           PLAINTIFF,

V.            **MEMORANDUM OPINION AND ORDER**

NATIONWIDE INSURANCE,                                                                       DEFENDANT.

This case turns on the question of whether a contractual one year limitation to bring suit on a policy of insurance is effective to bar the present suit, filed more than 15 months after a fire loss to the plaintiff's property. As explained below, the Court finds the limitations period enforceable and the Defendant is entitled to summary judgment.

There is no factual dispute in this action. The plaintiff owned property that he insured for loss by fire through an insurance policy issued by Nationwide Mutual Fire Insurance Company. The property burned on July 5, 2017, and within thirty days of the loss the plaintiff presented a claim for coverage to his insurance carrier and received four checks from Nationwide to compensate his loss. The plaintiff cashed the checks, endorsing them with language including "without prejudice", " under protest with reservation of all our rights and without prejudice to any and all claims(s) or cause(s) of action of payee."

However, unhappy with his recovery under the policy the plaintiff sought to compel the defendant to pay additional sums and filed this action 15 months after the date of the fire loss. Claiming that the present action was filed too late, the defendant seeks an award of summary judgment relying on a contractual provision stating that "[n]o action can be brought

unless the policy provisions have been complied with and the action is started within one year after the date of loss."

Because the insurance policy issued by the defendant to the plaintiff contains a valid and enforceable provision limiting the time to bring suit to one year after the date of loss, the defendant is entitled to summary judgment.

## SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Such a motion then "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). This is so because "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Id.* at 323–24. The following factors bear consideration by a court when entertaining a motion for summary judgment:

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case.

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

6. As on federal directed verdict motions, the "scintilla rule" applies, *i.e.,* the respondent must adduce more than a scintilla of evidence to overcome the motion.

7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the "old era" in evaluating the respondent's evidence. The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is "implausible."

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989)

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex*, , 477 U.S. at 324. "[T]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland v. Mich. Dept. of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)).

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)). In such a case, summary judgment is warranted. *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010); *Celotex,* 477 U.S. at 322; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

In the instant case, the contractual limitations period barred the institution of suit until the policy provisions had been fulfilled: "No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." [R. 14-2, p. 24]. The plaintiff asserts several arguments why he believes this contract term should have no effect: First, the plaintiff contends that the term of the contract limiting the time to sue to one year contradicts another provision which allows the parties to address a dispute by retaining appraisers. That clause provides:

> If you and we fail to agree on the amount of the loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the described location is located. The appraisers will separately set the amount of loss. If the appraiser submits a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of the loss.

[R. 14-2, p. 24].

In an apparent attempt to comply with the terms of the contract regarding appraisal, the plaintiff's counsel penned a letter of March 18, 2019 to Nationwide invoking his right to resolve the issue by appraisal. [R. 16-3]. This letter, drafted nearly two years after the date of loss, leads Rife to contend that the contractual limitations period of one year from the date of the loss is not applicable to this action. Rife contends that the insurance agreement at issue is therefore internally contradictory because in one section it provides a limitations period of one year for suit on the policy, but in another provides a method of addressing a dispute among the parties through appraisal of the loss.

However, merely because the policy provides an avenue to resolve a dispute without resorting to a civil suit does not now demonstrate that the one-year limitations period was in any way contradictory to the remaining terms of the contract. This is so because the Rife was not required to seek appraisal prior to suing Nationwide in this action. This conclusion is grounded in precedent. For example, in *Smith v. Allstate*, 403 F.3d 401 (6th Cir. 2005), the court addressed a factual scenario not unlike the present circumstances. The Smiths suffered a loss to their property in Pike County, Kentucky. *Id*. at 403. After suing Allstate on the loss, the Defendant moved for summary judgment arguing that the action had been filed after the contractual one-year limitations period specified in the insurance contract. *Id*. at 403. After finding that, based upon Kentucky law, contract provisions limiting the time within which an insured may sue are generally valid in Kentucky, *Id.* at 404, the Sixth Circuit considered whether Allstate should be barred by principles of waiver or estoppel from asserting the limitations defense as Allstate did not deny the Smith's claim until after the one-year period had expired. In *Smith*, the court stated:

> The insurance policies, to repeat, barred the Smiths from suing Allstate before "there has been full compliance with all policy terms." We do not read this

> provision as meaning that there must have been compliance by both the insurer and the insured; what the provision means, rather, is that the insured must discharge his obligations under the policy before he can sue. (In any event, Allstate's obligations—to elect a method of settlement and to settle the claim—arise only when Allstate has determined that a loss is covered. Allstate made no such determination with respect to the Smiths' loss.) Nor do we think it matters, as far as our reasonableness analysis is concerned, whether the Smiths actually complied with all policy terms within one year of the fire. (It was not until June 17, 2002, the reader may recall, when the Smiths finally signed the transcripts of their examinations.) The focus, as we see it, must be on the period beginning when the Smiths could reasonably have been expected to complete their compliance with all policy terms and ending on the anniversary of the fire. The question is whether that period afforded the Smiths an adequate time for filing suit. We are satisfied that it did.

*Id*. at 405-06.

In the instant case, the limitations period in Rife's policy barred the institution until the policy provisions had been fulfilled: "No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." [R. 14-2, p. 24]. However, as in *Smith*, what that means is that the insured must discharge his obligations under the policy before he can sue, and in its consideration of the question the Court must focus on the period beginning when Rife could reasonably have been expected to complete his compliance with all policy terms and ending on the anniversary of the fire. The question then is whether the period afforded Rife an adequate time to file suit. In this case, the Court cannot discern how the plaintiff contends the right of appraisal is somehow contradictory to the one year time limit, except to assume that the plaintiff asserts that failure to demand appraisal within one year from the date of the loss somehow tolls the one year period. First, although Rife has demonstrated his awareness of a provision allowing resolution of disagreements through appraisal, he has provided no statement or explanation to shed light on his extreme delay in asserting the right. In addition, his right to seek an

7

appraisal was clearly a right under the policy rather than an a condition precedent to suit and so his late assertion of that right does not affect the time to bring suit in this case. As we recall, the last payment made under the contract was on or around July 31, 2017, merely weeks after the loss. At that point, Rife had complied with the policy provisions allowing Nationwide to adjust the loss, submitted his claims, and received payment. There is simply no explanation why he could not have brought suit at that early point, and the fact that the policy expresses a right of appraisal is not contradictory to the limitations period. Like the court in *Smith*, this Court finds clear evidence to establish that the one year period afforded Rife was an adequate time to file suit in this case. The fire loss occurred on July 5, 2019, and by the end of July, 2019, the defendant had adjusted his claims and submitted payment to him. He brings evidence of no impediment outside of his control to explain the reason he waited fifteen months from the date of loss to file suit. Simply, as in *Smith*, Rife discharged his obligations under the policy and was therefore free to bring suit under the terms of that policy well within the one year term. The fact that he did not, will not now excuse his delay.

Second, Rife argues that the checks issued by Nationwide amounted to no more than partial performance and "may" constitute a *waiver* of the one-year period contained within the insurance contract. [R. 16-1, p. 1]. As a result, the plaintiff contends that this action is subject to a 15 year limitations period under KRS 413.090(2) for bringing suit. However, "[w]aiver is bottomed on a voluntary and intentional relinquishment of a known, existing right or power under the terms of an insurance contract . . ." *Edmondson v. Pennsylvania National Mutual Casualty Insurance Co.,* 781 S.W.2d 753, 755 (Ky. 2989) (internal quotation marks omitted). Although Rife contends that Nationwide waived the contract provision requiring that any suit be filed within one-year from the date of loss he presents no fact,

representation or affirmative statement by Nationwide evidencing the voluntary and intentional relinquishment of a known, existing right under the terms of the insurance agreement. Rife raises this argument, not because Nationwide has clearly waived a right, but because Nationwide "may" have waived a right to assert the contractual limitations period. Rife provides no legal authority for this argument and fails to come forward with evidence to demonstrate acts by Nationwide affirmatively waiving its right to assert that this action is untimely. As a result, his argument is without merit. When faced with a motion for summary judgment, the respondent is charged with presenting "affirmative evidence in order to defeat a properly supported motion for summary judgment." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)(citing *Liberty Lobby,* 106 S.Ct. at 2514; *Emmons v. McLaughlin,* 874 F.2d at 355; *Cloverdale Equip. Co.,* 869 F.2d at 937; *Cincinnati Newspaper Guild,* 863 F.2d at 444; *Potters Medical Center v. City Hosp. Ass'n,* 800 F.2d 568, 572 (6th Cir.1986); *Security Ins. Co. of Hartford,* 800 F.2d at 234; *Kochins,* 799 F.2d at 1134; *Davis v. Robbs,* 794 F.2d 1129, 1130 (6th Cir.), *cert. denied,* 479 U.S. 992, 107 S.Ct. 592, 93 L.Ed.2d 593 (1986); *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243 (2d Cir.1985)). Merely asserting that the defendant "may" have waived a right will not satisfy this burden. Rife has failed to show that a factual issue exists for the jury to consider.

In his third and fourth arguments, the plaintiff contends that as a contract of adhesion the one year limit is unenforceable as a limitation on public policy, because it is not the product negotiation between private parties where no public interest is involved (citing *Jones v. Bituminous Cas. Corp.*, 821 S.W.2d 798, 801-02 (Ky. 1991), and *Wolford v. Wolford*, 662 S.W.2d 835, 838 (Ky. 1984). In addition, he argues that an implied covenant of good faith and fair dealing which renders the one-year limitations unenforceable. In support of this last

argument the plaintiff cites the case of *Ranier v. Mount Sterling Nat. Bank*, 812 S.W.2d 154 (Ky. 1991), where the Kentucky Supreme Court stated that ""[i]n every contract, there is an implied covenant of good faith and fair dealing." *Id*. at 156. These arguments, however, are unavailing because courts in Kentucky have established that contractual provisions within insurance agreements limiting the right to sue to one year from the date of loss are valid and enforceable. *See Ashland Finance Co. v. Hartford Accident & Indemnity Co.*, 474 S.W.2d 364, 365-66 (Ky. 1971); *Webb v. Kentucky Farm Bur. Ins. Co.*, 577 S.W.2d 17 (Ky. App. 1978); *See also Edmondson v. Pennsylvania National Mutual Casualty Insurance Co.*, 781 S.W.2d 753, 756 (1989); *Hale v. Blue Cross & Blue Shield of Kentucky,* 862 S.W.2d 905, 906, 907-08 (Ky. App. 1993); *Smith v. Allstate*, 403 F.3d 401 (6th Cir. 2005).

In line with prevailing authority, the defendant contends that this action is time barred and relies on the case of *Webb v. Kentucky Farm Bur. Ins. Co.*, 577 S.W.2d 17 (Ky. App. 1978). *Webb* states Kentucky's position regarding the contractual shortening of statutory limitations in insurance policies. In *Webb*, the court confronted the same one (1) year period addressed in this case, from the date of loss, and provides that contract provisions limiting the time within which an insured may sure are generally valid under Kentucky law. *Id* at 18-19. This position is grounded in statute, KRS 304.14-370, which allows that such a contractual limitations period as long as it is not "less that one (1) year from the time when the cause of action accrues." In this action, the parties do not dispute the date on which Rife's cause of action accrued, nor do they reasonably contend that Rife was in any way unable to bring suit within the one-year contract period. As a result, the Court finds the law as stated in *Webb* and *Smith*, controlling and for the reasons fully set out above, the Court finds that the defendant is entitled to summary judgment.

Therefore, having considered the matter, and being advised,

IT IS ORDERED that the defendant's motion for summary judgment [R. 14] is GRANTED. A separate judgment shall be entered.

Signed September 27, 2019.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge